**In the Matter of Diane R. HURTT, Respondent.**

No. 79S00–1402–DI–93.

Supreme Court of Indiana.

May 19, 2015.

*PUBLISHED ORDER FINDING RE-SPONDENT IN CONTEMPT OF COURT AND IMPOSING SUSPEN-SION AND FINE*

On October 24, 2014, the Court suspended Respondent from the practice of law for 180 days, with 90 days actively served and the remainder stayed subject to completion of at least two years of probation. Upon receiving notice of that order, Respondent was prohibited from undertaking new legal matters, and she was prohibited from practicing law at all once her active suspension began on December 19, 2014. Both of these prohibitions continued through March 19, 2015, when Respon-dent's initial active suspension ended and she was reinstated to probation.

On March 25, 2015, the Commission filed a "Motion for Rule to Show Cause (Contempt) and Request that 'Stayed' Suspension Be 'Active,'" asserting Respondent accepted a new client and legal matter during the time she was prohibited from doing so. The Court issued an order to show cause on March 31, 2015, directing Respondent to show cause in writing, within 15 days of service, why she should not be held in contempt for disobedience to this Court's order suspending her from practice. It has been over 15 days since Respondent was served, and Respondent has not responded. We therefore find, as asserted by the Commission, that Respondent accepted a new client and legal matter during a time she was prohibited from doing so, in violation of this Court's order of October 24, 2014, and Indiana Admission and Discipline Rule 23(26)(b).

Being duly advised, the Court GRANTS the Commission's motion. **Respondent shall be suspended from the practice of law for a period of not less than ninety (90) days, without automatic reinstatement, beginning June 25, 2015.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's re-

morse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Court additionally ORDERS that Respondent **be fined the sum of $500 for her contempt.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

All Justices concur, except DAVID, J., who dissents and would impose more significant sanctions for Respondent's contempt, and RUSH, C.J., who is not participating.